1

2

3

4

5          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
6                      AT SEATTLE

7    JISELLE A. WATERHOUSE,

8                       Plaintiff,          CASE NO. C16-5968-MAT

9          v.

10   NANCY A. BERRYHILL, Acting             ORDER RE: SOCIAL SECURITY
     Commissioner of Social Security,       DISABILITY APPEAL

11
                        Defendant.
12

13          Plaintiff Jiselle A. Waterhouse proceeds through counsel in her appeal of a final decision

14   of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner

15   denied in part Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental

16   Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).  Having

17   considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this

18   matter is AFFIRMED.

19                       **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1961.[1]   She has an 11th-grade education and some

21

22          [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
     Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files,
23   pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

     ORDER RE: SOCIAL SECURITY
     DISABILITY APPEAL
     PAGE - 1

community college education, and has worked as a waitress, bartender, and wine steward. (AR 49-54, 56, 59.)

Plaintiff protectively applied for DIB and SSI February 2011. (AR 233-49, 275.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 155-58, 168-84.)

On November 2, 2012, ALJ Rebekah Ross held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 41-98.) On December 26, 2012, the ALJ issued a decision finding Plaintiff not disabled. (AR 21-34.) Plaintiff timely appealed. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review on August 22, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which granted the parties' stipulation to reverse the ALJ's decision and remand for further proceedings. (AR 964-66.) On March 9, 2016, ALJ Cynthia Rosa held a hearing, taking testimony from Plaintiff and a VE. (AR 869-97.) On August 3, 2016, the ALJ found Plaintiff not disabled from July 31, 2009, through March 11, 2014, but disabled thereafter.[2] (AR 780-803.) Plaintiff now seeks judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must

---

[2] Plaintiff had been previously found disabled as of August 31, 2014; thus, the period adjudicated by the ALJ was July 31, 2009, through August 30, 2014. (AR 780 n.1.)

be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked since her alleged onset date, but that work did not constitute substantial gainful activity. (AR 783.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that from July 31, 2009, through August 30, 2014, Plaintiff's asthma, lumbago, mild osteoarthritis of the right hip, post-traumatic stress disorder, and generalized anxiety disorder were severe. (AR 783-84.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that from July 31, 2009, through August 30, 2014, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 784-86.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that before March 12, 2014, Plaintiff was capable of performing a range of light work, with the following limitations. She could lift no more than 20 pounds at any time, and could lift/carry up to 10 pounds frequently. She could stand/walk for six hours and sit for six hours in an eight-hour workday. She could occasionally crawl, stoop, kneel, crouch, and climb ramps or stairs. She could not climb ladders, ropes, or scaffolds. She could frequently handle and finger bilaterally. She could not have concentrated exposure to wetness/humidity, hazards, and pulmonary irritants like fumes, gases, and dust. She could perform simple, routine tasks. She could have superficial contact with co-workers, and no public contact. (AR 786.) Her RFC was reduced on March 12, 2014, such that she could only occasionally handle and finger bilaterally from that time forward. (AR 799-800.)

From July 31, 2009, through August 30, 2014, Plaintiff was unable to perform her past relevant work. (AR 800.) If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

1   capacity to make an adjustment to work that exists in significant levels in the national economy.

2   The ALJ found Plaintiff capable of transitioning to other representative occupations, from July 31,

3   2009, through March 11, 2014, such as marker, garment sorter, and mail sorter.  (AR 801-02.)  On

4   March 12, 2014, and thereafter, Plaintiff could not perform any job that existed in significant

5   numbers in the national economy.  (AR 802.)

6          This Court's review of the ALJ's decision is limited to whether the decision is in

7   accordance with the law and the findings supported by substantial evidence in the record as a

8   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

9   than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

10  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

11  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

12  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

13  2002).

14         Plaintiff argues the ALJ erred in (1) assessing the medical evidence related to Plaintiff's

15  physical and mental complaints, (2) discounting her subjective testimony, and (3) erred in

16  discounting lay statements.[3]  The Commissioner argues that the ALJ's decision is supported by

17  substantial evidence and should be affirmed.

18                                    Medical evidence

19         Plaintiff raises two issues related to the medical evidence.  First, she argues that the ALJ

20  erred in finding some of her impairments to be not severe.  Dkt. 11 at 3-4.  She goes on to argue

21

22         [3] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in
    doing so only reiterates arguments made elsewhere. Dkt. 11 at 18-19.  Accordingly, these issues will not
23  be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1   that the ALJ erred in assessing various medical treatment notes and opinion evidence, contending

2   that the ALJ erred in either discounting the evidence or failing to acknowledge an aspect of the

3   evidence.  The Court will address Plaintiff's arguments in turn.

4   A.      Legal standards

5          In general, more weight should be given to the opinion of a treating physician than to a

6   non-treating physician, and more weight to the opinion of an examining physician than to a non-

7   examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted

8   by another physician, a treating or examining physician's opinion may be rejected only for "'clear

9   and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

10  Where contradicted, a treating or examining physician's opinion may not be rejected without

11  "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

12  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

13         An ALJ may also consider lay medical sources, such as testimony by nurse practitioners,

14  physicians' assistants, and counselors.  *See* 20 C.F.R. § 404.1513(d).  Such testimony regarding a

15  claimant's symptoms or how an impairment affects his/her ability to work is competent evidence,

16  and cannot be disregarded without comment.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir.

17  1993).  An ALU must provide "reasons that are germane to each witness" in order to discount a

18  lay medical opinion, and may not simply categorically discredit the testimony.  *Dodrill,* 12 F.3d

19  at 919.

20  B.      Severe impairments

21         Plaintiff argues that the ALJ erred in finding some of her conditions to be non-severe, and

22  in failing to account for all of her symptoms, even those caused by conditions that are not severe.

23  Dkt. 11 at 3-4.  Plaintiff makes no effort to identify which limitations were omitted as a result of

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

1  the alleged error, or to cite any evidence identifying limitations caused by the conditions in

2  question. *Id.* Plaintiff's bare assertion of an error is insufficient. *See generally Carmickle v.*

3  *Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues

4  not argued with any specificity).

5  C.     Mark Layton, M.D.

6         Dr. Layton, Plaintiff's treating physician, wrote a letter in February 2013 to Plaintiff's

7  counsel that reads in its entirety:

8          I have treated Ms. Waterhouse for about one year for her joint pains as well as a
       diffuse pain syndrome referred to as fibromyalgia. Even though her condition is
9       not marked by visible evidence of disease effects, I have found her presentation to
       be consistent over time. In responding to the questions in your letter of January 28,
10      2013, I do not believe Ms. Waterhouse to have been able to work on a regular and
       sustained basis at a light or medium level. Her joint symptoms have not sufficiently
11      responded to treatment with antiinflammatory medications and prednisone to
       enable a consistent work pattern. Her symptoms are consistent with the diagnosis
12      of fibromyalgia and a nonspecific syndrome of arthralgias. Even though her
       symptoms are not accompanied by visible evidence of inflammation, I believe her
13      complaints to be credible. It is likely that her symptoms would produce a level of
       absenteeism of greater than three work days per month.

14

15  (AR 775.)

16         The ALJ gave "partial weight" to Dr. Layton's opinion. (AR 799.)  First, the ALJ noted

17  that Dr. Layton did not address the temporal scope of his opinion. Dr. Layton indicated he had

18  been treating Plaintiff for a year in February 2013, but she alleged disability beginning in July

19  2009. The ALJ did not err in noting that Dr. Layton's opinion does not, on its face, apply to much

20  of the adjudicated period. *See* 20 C.F.R. § 404.1527(c)(2)(i) (noting that an ALJ may consider the

21  length of treating relationship, when weighing a medical opinion).

22         The ALJ also found that Dr. Layton's opinion was inconsistent with his treatment notes,

23  because his opinion indicating that Plaintiff's symptoms did not respond well enough to

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

1  medication to permit work, but his treatment notes indicated improvement of pain and swelling

2  symptoms with various medications. (*See* AR 692, 749-50.) This is a legitimate reason to discount

3  Dr. Layton's opinion, and Plaintiff does not address Dr. Layton's specific treatment notes, merely

4  stating without citation to the record that his opinion "is fully consistent with his clinical findings

5  as well as the clinical findings of all of Waterhouse's other treatment providers." Dkt. 11 at 6.

6  Plaintiff has failed to show that the ALJ's reasoning is unreasonable or not based on substantial

7  evidence in the record.

8  The ALJ further noted that Dr. Layton did not recommend that Plaintiff try other treatment

9  methods, such as physical therapy, and that he diagnosed her fibromyalgia without a tender-point

10  examination. (AR 799.) Plaintiff contends that the ALJ is not qualified to second-guess Dr.

11  Layton's treatment methods, and the Court finds that this is a valid argument. But the ALJ did not

12  err in noting that Dr. Layton's fibromyalgia diagnosis was unsupported by tender-point testing,

13  because such testing is crucial to the establishment of fibromyalgia as a medically determinable

14  impairment. *See* Social Security Ruling (SSR) 12-2p, 2012 WL 3104869 (Jul. 25, 2012). Indeed,

15  the ALJ rejected fibromyalgia as a medically determinable impairment at step two based on the

16  lack of tender-point testing. (AR 784.) The ALJ did not err in discounting Dr. Layton's opinion

17  on this basis.

18  The ALJ lastly listed some of Plaintiff's activities which were purportedly inconsistent

19  with Dr. Layton's opinion, but it is not clear how those activities are inconsistent with the opinion.

20  (AR 799.) This reasoning is harmless error, however, in light of the ALJ's other valid reasons for

21  discounting Dr. Layton's opinion. *See Carmickle*, 533 F.3d at 1162-63.

22  D.    Margene Fields, ARNP

23  The ALJ noted that Ms. Fields, a treating nurse, completed a form opinion regarding

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

1 Plaintiff's physical restrictions in June 2011, and responded to counsel's questionnaire in October

2 2012. (AR 796 (citing AR 417-20, 745-46).) The ALJ found that Ms. Fields' opinion regarding

3 Plaintiff's disabling limitations was inconsistent with "rather benign treatment notes" and evidence

4 showing improvement in pain and respiratory symptoms with medication. (AR 796.) The ALJ

5 also indicated that Ms. Fields' opinion was inconsistent with Plaintiff's activities — namely her

6 ability to manage her activities of daily living, babysit her grandchildren, engage in active dog

7 rescue, and care for her elderly mother. (*Id*.) Lastly, the ALJ found that Ms. Fields' opinion was

8 based on Plaintiff's subjective self-reporting. (*Id*.) For these reasons, the ALJ gave little weight

9 to Ms. Fields' opinions.

10 Plaintiff argues that the ALJ failed to acknowledge that many treatment notes support Ms.

11 Fields' opinions, and erred in finding the opinions inconsistent with the treatment record. Dkt. 11

12 at 9. Plaintiff does not cite any particular treatment notes that contradict the ALJ's interpretation

13 of the record, and does not dispute that the record indicates improvement with medication, as found

14 by the ALJ. The ALJ's assessment of the record is reasonable, and provides a germane basis to

15 discount Ms. Fields' opinions. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

16 Likewise, the record supports the ALJ's finding that Ms. Fields' opinions are based on

17 Plaintiff's self-report. Ms. Fields' June 2011 contemporaneous notes demonstrate reliance on

18 Plaintiff's report; the accompanying examination findings and blood work are normal on the

19 whole. (AR 419-20.) Ms. Fields' October 2012 questionnaire answers also refer to Plaintiff's

20 subjective pain. (AR 745-46.) Because, as explained *infra*, the ALJ did not err in discounting

21 Plaintiff's subjective testimony, the ALJ did not err in discounting opinions that rely on self-report.

22 *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Even if the ALJ

23 erred in finding Plaintiff's activities to be inconsistent with Ms. Fields' opinions, the other germane

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

1    reasons to discount Ms. Fields' opinions remain valid and the error is therefore harmless.

2    E.    Gary Gaffield, D.O.

3    Dr. Gaffield examined Plaintiff in August 2011 and the ALJ gave significant weight to Dr.

4    Gaffield's report.  (AR 427-31, 797.)  Plaintiff argues that the ALJ erred crediting Dr. Gaffield's

5    opinion because she testified that Dr. Gaffield examined her for only 10 minutes, and Dr. Gaffield

6    discussed unspecified findings that support Plaintiff's testimony.

7    Plaintiff cites no authority requiring the ALJ to discuss Plaintiff's hearing testimony, nearly

8    five years after the examination, that Dr. Gaffield's examination lasted "a few minutes."  (*See* AR

9    895-96.)  The Court is not aware of any such requirement.

10    The Court also rejects Plaintiff's assertion that the ALJ should have acknowledged

11    unspecified findings contained within Dr. Gaffield's report.  Dkt. 11 at 9 (citing AR 429).  The

12    portion of Dr. Gaffield's report cited by Plaintiff contains many normal findings, and Dr. Gaffield

13    accounts for the abnormal findings related to joint stiffness in his conclusions.  (AR 429-31.)

14    Plaintiff has not identified error in the ALJ's assessment of Dr. Gaffield's opinion.

15    F.    Miscellaneous opinions

16    Mr. Myers, a treating provider, authored two opinions about the existence of Plaintiff's

17    limitations due to chronic obstructive pulmonary disease (COPD).  (*See* AR 370, 372-73.)  The

18    ALJ gave little weight to Mr. Myers' opinions, finding them inconsistent with the record, which

19    indicates that Plaintiff has asthma, not COPD.  (AR 797.)  The ALJ also found that Mr. Myers'

20    opinions were contradicted by the evidence of Plaintiff's improvement in respiratory symptoms

21    with medication, as well as examination findings that "did not reveal significant deficits in

22    functioning."  (*Id*.)  The ALJ also found Mr. Myers' opinions to be inconsistent with Plaintiff's

23    activities.  (*Id*.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

1    Plaintiff argues that the ALJ erred in failing to acknowledge that Mr. Myers' opinions are

2    consistent with the opinions of Ms. Fields and Dr. Layton (Dkt. 11 at 9), but cites no authority

3    requiring an ALJ to explicitly discuss how opinions are consistent with other evidence.  This

4    rationale applies with equal force to Plaintiff's arguments regarding the opinions of Kristine

5    Harrison, Psy.D., and Pamela Moslin, M.D., that the ALJ should have acknowledged various

6    aspects of their opinions.  *See* Dkt. 11 at 10.

7    Likewise, the Court rejects Plaintiff's suggestion that the ALJ erred in failing to explicitly

8    reject the opinion of examining psychologist Keith Krueger, Ph.D., that Plaintiff was "preoccupied

9    with pain."  Dkt. 11 at 10 (citing AR 669, 797).  Dr. Krueger's observation is not inconsistent with

10   the ALJ's decision, and accordingly did not need to be rejected.  *See, e.g., Turner v. Comm'r of*

11   *Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where physician's report did not assign

12   any specific limitations or opinions in relation to an ability to work "the ALJ did not need to

13   provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any

14   of [the report's] conclusions").

15   Plaintiff has failed to identify an error in the ALJ's reasoning with respect to any of these

16   providers' opinions.

17   G.    State agency reviewing consultant

18   Plaintiff argues that the ALJ erred in affording significant weight to an opinion written by

19   State agency consultant Norman Staley, M.D., because his 2011 opinion was rendered without an

20   opportunity to review subsequent evidence.  Dkt. 11 at 9-10.  But Dr. Staley could not have

21   reviewed evidence that did not exist at the time of his review; the ALJ did review that evidence

22   and considered whether Dr. Staley's opinion was consistent with the remainder of the record.  AR

23   at 798.  Plaintiff has not identified an error in the ALJ's assessment of Dr. Staley's opinion.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

1    H.    Jennifer Hensley, M.A.

2         Ms. Hensley, Plaintiff's treating therapist, completed a checkbox medical source statement

3    in January 2012, describing *inter alia* marked limitations in concentration/persistence, social

4    functioning, and adaptation. (AR 617-19.) The ALJ summarized Ms. Hensley's opinion and gave

5    it little weight for several reasons.

6         First, the ALJ noted that Ms. Hensley's treatment notes address the circumstances

7    surrounding Plaintiff's request for documentation for purposes of her disability application: the

8    notes indicate that on September 4, 2012, Ms. Hensley told Plaintiff that she intended to provide

9    mental health counseling, rather than support for a disability application, and that she would have

10   to ask a supervisor about what she was authorized to disclose. (AR 799 (citing AR 723).) The

11   medical source statement was completed in January 2012, however, months before Ms. Hensley

12   indicated a reluctance to complete paperwork. The ALJ also noted that the checkbox form

13   identifies Ms. Hensley as a medical doctor, and Ms. Hensley did not correct it. (AR 799 (citing

14   AR 617, 723).)

15        Plaintiff argues that these are not valid reasons to discount Ms. Hensley's opinion. Dkt.

16   11 at 11. Even if Plaintiff is correct, however, the ALJ went on to provide other germane reasons

17   to discount Ms. Hensley's opinion, namely inconsistency with the record and Plaintiff's activities.

18   As noted by the ALJ, the record indicated that the "primary driver for the claimant's anxiety was

19   the situation involving her ex-boyfriend[,]" and yet Plaintiff did not take any anxiety medication

20   and retained a high level of mental functioning, as demonstrated by her activities. (AR 799.) This

21   reasoning is germane to Ms. Hensley's opinion and provides a valid basis for discounting the

22   opinion. *See Carmickle*, 533 F.3d at 1164 (citing activities inconsistent with a lay opinion is a

23   germane reason to discount the opinion); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)

1 (citing inconsistent medical evidence is a germane reason to discount a lay opinion). Any error in

2 the ALJ's reasoning with respect to Ms. Hensley's reluctance to complete an opinion and/or her

3 failure to correct an error as to her credentials is harmless.

4 Plaintiff's subjective testimony

5 The ALJ discounted Plaintiff's subjective testimony for a number of reasons, including (1)

6 the medical evidence was inconsistent with an allegation of disability; (2) Plaintiff did not take

7 medication to treat her mental health symptoms; (3) Plaintiff's activities were consistent with an

8 ability to perform light work; (4) Plaintiff continued to smoke cigarettes against medical advice,

9 despite her respiratory condition; (5) Plaintiff collected unemployment and applied for jobs in

10 2010 and 2011; and (6) Plaintiff made inconsistent statements about her education history, telling

11 providers she had a GED, but testifying at the administrative hearing that she did not have a GED.

12 (AR 787-95.) Plaintiff argues that these reasons are not clear and convincing, as required in the

13 Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

14 The Court agrees with Plaintiff that some of the ALJ's reasoning is erroneous, but some of

15 it is not, and the Court will address Plaintiff's arguments in turn.

16 A.   Objective evidence

17 First, Plaintiff argues that the ALJ erred in discounting her testimony based on

18 improvement with medication, because she continued to experience symptoms even with

19 medication. Dkt. 11 at 12-13. The ALJ specifically cited evidence of improvement with

20 medication of Plaintiff's respiratory symptoms and pain, but also noted where Plaintiff reported

21 that her symptoms were not entirely alleviated by medication. (AR 788-89, 791-93.) The ALJ

22 acknowledged the context of Plaintiff's improvement, and did not err in considering the effect of

23 Plaintiff's medications. *See* 20 C.F.R. § 404.1529(c)(3).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12

1      Plaintiff next argues that the ALJ's summary of the medical evidence does not justify

2 discounting her testimony. Dkt. 11 at 13 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th

3 Cir. 2015)). But, unlike in *Brown-Hunter*, the ALJ did not rely on a summary of medical evidence

4 as a substitute for explaining why the medical evidence undermined Plaintiff's testimony: the ALJ

5 summarized the medical evidence and went on to explain how that evidence showed that she was

6 not disabled. (AR 793-94.)

7      Plaintiff also alleges that the ALJ erred by failing to discuss medical evidence that

8 corroborates her testimony. Dkt. 11 at 13. For example, the ALJ cited records showing that

9 Plaintiff ambulated with a normal gait (AR 793), but Plaintiff points to evidence showing that she

10 had an abnormal gait on other occasions. Dkt. 11 at 13 n.12 (citing AR 637, 643, 644, 647, 649,

11 686, 691, 694, 741, 758, 1210, 1214, 1216, 1218, 1292). Plaintiff also cites evidence that she

12 contends is inconsistent with the ALJ's finding that her range of motion and grip strength were

13 intact. Dkt. 11 at 13-14 n.14 (citing AR 429, 637, 643, 644, 647, 649, 741, 758, 1210, 1214, 1216,

14 1218, 1250). Although some of Plaintiff's citations are duplicates, they nonetheless represent

15 significant findings that the ALJ failed to account for when summarizing the evidence as

16 inconsistent with a finding of disability. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)

17 ("The court must consider both evidence that supports and evidence that detracts from the ALJ's

18 conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

19 This reasoning is therefore erroneous in this respect, but the error is harmless in light of the ALJ's

20 other valid reasons. *See Carmickle*, 533 F.3d at 1162-63.

21      With regard to Plaintiff's testimony about mental symptoms, the Court rejects Plaintiff

22 arguments. Plaintiff contends that the ALJ's citation to normal findings upon mental examination

23 (AR 794) "does not prove that she could function similarly in a competitive work environment"

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13

1  (Dkt. 11 at 14), but this is merely an alternative interpretation of the evidence and does not establish

2  error in the ALJ's decision. The normal findings are relevant to determining Plaintiff's

3  functionality, and the ALJ did not err in considering them.

4      The ALJ further noted that Plaintiff's anxiety symptoms were primarily fueled by a

5  situation with her ex-boyfriend, who would not be present at Plaintiff's workplace, particularly

6  because Plaintiff was restricted from interacting with the public. (AR 794.) Plaintiff

7  misunderstands the ALJ's point, and assumes that the ALJ was finding that Plaintiff's anxiety

8  would not be present at the workplace. Dkt. 11 at 14. Plaintiff has not identified error in the ALJ's

9  findings regarding her mental health testimony.

10 B.    Failure to take medication

11     Plaintiff goes on to argue that the ALJ erred in discounting her testimony on account of her

12 failure to take anti-anxiety medication "without first considering her explanation why she was not

13 taking such medication." Dkt. 11 at 14. The ALJ queried Plaintiff about her reasons for not taking

14 medication, and noted in the decision that Plaintiff testified on this topic. (AR 787, 849-51.) Thus,

15 Plaintiff inaccurately contends that the ALJ did not consider her reasons for not taking medication.

16 Plaintiff testified that she preferred to approach her anxiety in a "different manner" that did not

17 rely on medication, but instead focuses on breathing. (AR 850-51.) The ALJ was not obligated

18 to find this explanation reasonable, particularly where the explanation appears to be based on a

19 personal preference. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012). Plaintiff has

20 not shown that the ALJ erred in considering her failure to seek pharmacological treatment when

21 considering her subjective allegations. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016) ("We

22 will consider an individual's attempts to seek medical treatment for symptoms . . .").

23 / / /

C.     Activities

The ALJ found that Plaintiff's activities demonstrate that she could perform light work activity, but as noted by Plaintiff, the ALJ did not identify how Plaintiff's activities contradict her testimony or demonstrate transferable work skills. (AR 794.)  The Court agrees with Plaintiff that this portion of the ALJ's findings is erroneous.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").  This error is harmless in light of the ALJ's other valid reasons.

D.     Inconsistencies

The ALJ went on to describe two other inconsistencies in the record that do undermine Plaintiff's testimony, however.  First, the ALJ noted that Plaintiff continued smoking despite her respiratory condition, up until two days before the first administrative hearing.  (AR 794, 833.) Plaintiff argues that her addiction impacted her ability to stop smoking, even though her condition was serious. Dkt. 11 at 15 (citing *Shramek v. Apfel*, 226 Fl3d 809, 813 (7th Cir. 2000)).  But courts throughout the Ninth Circuit have found that smoking against medical advice undermines a claimant's subjective complaints of disability.  *See Taylor v. Colvin*, 2016 WL 704352, at *12-13 (E.D. Cal. Feb. 23, 2016) (citing *Bybee v. Astrue*, 2011 WL 6703568 at *8 (E.D. Cal. Dec. 21, 2011); *Broughton v. Astrue*, 2012 WL 1616891 (C.D. Cal. May 8, 2012); *Wagnon v. Colvin*, 2016 WL 356079 (D. Or. Jan. 28, 2016)); *Reeves v. Astrue*, 2012 WL 1032778 at *6 (W.D. Wash. Mar. 6, 2012).  This reasoning is clear and convincing.

The ALJ also noted that Plaintiff collected unemployment benefits during some of the adjudicated period, and applied for full-time jobs.  (AR 794-95 (referencing AR 859-60, 879-80).) Although Plaintiff indicated that she did not know how long she would have been able to perform

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 15

1  those jobs, the ALJ did not err in considering her efforts to find jobs as inconsistent with her

2  allegation that she could not work. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219,

3  1227 (9th Cir. 2009) (affirming an ALJ's consideration of a claimant's seeking out jobs as

4  undermining claims of debilitating conditions).

5      Finally, the ALJ noted that although Plaintiff testified at the hearing that she did not have

6  a GED, she reported on several occasions that she did.  (AR 795 (citing AR 280, 392, 427, 606,

7  1130).)  Plaintiff claims that the ALJ failed to ask about this inconsistency at the hearing, and

8  argues that it is not a convincing reason to reject all of her testimony.  Dkt. 11 at 15-16.  But the

9  ALJ did ask Plaintiff about it at the hearing, questioning her extensively and identifying portions

10  of the record where she had reported obtaining a GED.  (AR 820-25.)  An ALJ is entitled to

11  consider the consistency of a claimant's reporting, and the ALJ did not err in doing so here.  *See*

12  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (indicating that an ALJ may consider

13  any inconsistencies in a claimant's testimony, when weighing that testimony).

14      In sum, because the ALJ provided many clear and convincing reasons to discount

15  Plaintiff's testimony, which remain valid even when the erroneous reasons are excluded, any errors

16  in the ALJ's findings are harmless.  *See Carmickle*, 533 F.3d at 1162-63.

17                                    Lay evidence

18      Plaintiff challenges the ALJ's assessment of records written by Department of Vocational

19  Rehabilitation (DVR) personnel, as well as a statement written by Plaintiff's mother, Navonne

20  Waterhouse.  As indicated above, an ALJ must provide germane reasons to discount a lay

21  statement. *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).  The Court will consider

22  each statement in turn.

23  / / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 16

A.   DVR records

The record contains Plaintiff's DVR records addressing her eligibility for rehabilitation services.  (AR 367-69.)  The ALJ rejected these records because they were not based on an examination of Plaintiff or her medical records, and the counselor did not address Plaintiff's specific functional abilities, but was instead focused on DVR eligibility.  (AR 795.)

Plaintiff argues that these reasons are not germane, because the DVR counselor reviewed Dr. Harrison's psychological evaluation, and described specific accommodations Plaintiff would require.  Dkt. 11 at 16.  Plaintiff also questions whether the purpose for which the records were written is a germane reason to discount them.  *Id.*

Plaintiff's arguments are not persuasive.  Dr. Harrison's evaluation was performed for purposes of determining DVR eligibility, which does not necessarily have any bearing on whether Plaintiff is disabled.  (AR 390.)  The DVR report does not identify specific functional abilities that Plaintiff retains, but instead focuses on categories of accommodation that would be necessary.  (AR 368.)  It therefore has limited probative value for the ALJ's inquiry as to Plaintiff's RFC, which measures the most she can do.  *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC "is the most you can still do despite your limitations").  In this situation, the purpose for which the record was written is relevant to its probative value, because it does not address issues that pertain to the ALJ's inquiry, namely the most Plaintiff can do despite her limitations.  Accordingly, the ALJ's reasoning with respect to the DVR records is germane.

B.   Navonne Waterhouse

Plaintiff's mother completed two third-party function reports.  (AR 302-09, 337-44.)  The ALJ gave little weight to the reports, finding them inconsistent with the medical evidence showing that Plaintiff's pain complaints improved with medication and her respiratory symptoms were

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 17

well-controlled with medication. (AR 795-96.) The ALJ also found Plaintiff's description of manipulative limitations to be inconsistent with Plaintiff's activities, such as her activities of daily living, and caring for grandchildren and dogs. (AR 796.) Lastly, the ALJ found Plaintiff's mother's description of social limitations to be inconsistent with her presentation during treatment appointments as well as her volunteer activities. (*Id*.)

Plaintiff argues that the ALJ's reasons are not supported by substantial evidence and are not germane to Plaintiff's mother. Plaintiff is mistaken. The ALJ detailed Plaintiff's improvement with medication in an earlier section of the decision (AR 793), and also described Plaintiff's activities (AR 785). That evidence is inconsistent with Plaintiff's mother's description of Plaintiff's limitations, because she stated, for example, that Plaintiff had no social activities and severe breathing problems. (AR 307, 338, 342.) The ALJ's citation to inconsistent evidence is a germane reason to discount Plaintiff's mother's statements. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports).

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 8th day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 18